NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 20-10176 |
| Plaintiff-Appellee, | 20-10393 |
| v. | D.C. No. 2:10-cr-00464-KHV-1 |
| GINO CARLUCCI, AKA Gene David Odice, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Kathryn H. Vratil, District Judge, Presiding**

Submitted May 18, 2021***

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

In these companion appeals, Gino Carlucci appeals pro se from the district

court's orders denying his motions for compassionate release under 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kathryn H. Vratil, Senior United States District Judge for the District of Kansas, sitting by designation.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In Appeal No. 20-10176, Carlucci contends that the district court erred by dismissing his first compassionate release motion for failure to exhaust before permitting him to file a reply, and by denying his subsequent motion for leave to amend. Any error was harmless, however, because the court's dismissal was without prejudice to Carlucci filing another motion for compassionate release following exhaustion of his administrative remedies, which Carlucci did.

In Appeal No. 20-10393, Carlucci challenges the district court's denial of his second motion for compassionate release.[1] The district court explained that compassionate release was not warranted because Carlucci's concerns about the danger of contracting COVID-19 in prison had been adequately addressed by his transfer to home confinement by the Bureau of Prisons.[2] The court also explained that Carlucci's assertion that he would have more work opportunities if he were not on home confinement was not an "extraordinary and compelling" reason to reduce his sentence. *See* 18 U.S.C.§ 3582(c)(1)(A)(i). The record supports the district

---

[1] Because Appeal No. 20-10176 was pending when Carlucci filed his second compassionate release motion, the district court correctly held that it lacked jurisdiction to grant the motion. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, it had authority to deny the motion. *See* Fed. R. Crim. P. 37(a)(2).

[2] We agree with the parties, and the district court, that Carlucci's transfer to home confinement does not moot his appeals because his motions sought a reduction in his sentence to time-served.

court's conclusions, and it did not abuse its discretion by denying relief. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). Moreover, contrary to Carlucci's contention, the district judge, who was assigned pursuant to a certificate of necessity and imposed Carlucci's original sentence, had authority to decide his motions for compassionate release. *See* 28 U.S.C. §§ 292(d) and 296.

**AFFIRMED.**